UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GARY CASTERLOW-BEY, | CASE NO. 3:17-cv-05687-RJB |
| Plaintiff, | ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, DENYING APPLICATION FOR COURT APPOINTED COUNSEL, AND DIRECTING SERVICE |
| v. | |
| EBAY, INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiff's Application for Leave to Proceed in Forma Pauperis ("IFP") (Dkt. 1) and Application for Court Appointed Counsel (Dkt. 1-2). The Court has considered the applications and the remainder of the record herein.

On August 30, 2017, Plaintiff, a *pro se* prisoner, filed this case, moved for IFP, and provided a proposed complaint asserting that Defendant EBay, Inc. committed copyright infringement, breached a contract, and committed fraud when it sold Plaintiff's books. Dkt. 1-1. Plaintiff seeks injunctive relief and several million dollars in damages. *Id.* Plaintiff also filed an application for the Court to appoint him counsel. Dkt. 1-2. In addition to this case, Plaintiff filed a similar action against Google.com and Amazon.com on August 30, 2017. *Casterlow-Bey v.*

ORDER GRANTING APPLICATION TO
PROCEED IN FORMA PAUPERIS, DENYING
APPLICATION FOR COURT APPOINTED
COUNSEL, AND DIRECTING SERVICE- 1

*Google.com, et al.*, Western District of Washington case number 17-5686 RJB.

**IFP APPLICATION**. The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

Plaintiff states that he is not employed, is totally disabled, and receives Social Security Disability Income of $738.00/month. Dkt. 1. He reports he has expenses of $625. *Id.* Plaintiff indicates that he has no assets or dependents. *Id.* He is incarcerated. *Id.* Plaintiff completed the application and has made a sufficient showing of indigence. His IFP application (Dkt. 1) should be granted.

**APPLICATION FOR COURT APPOINTED COUNSEL**. Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel. Under Section 1915, the court may appoint counsel only in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

As was the case with Plaintiff's application for appointment of counsel in *Casterlow-Bey v. Google.com, et al.*, Western District of Washington case number 17-5686 RJB, the Plaintiff's motion for appointment of counsel (Dkt. 1-2) should be denied. The Plaintiff has not shown that the claims have merit or a likelihood of success on the merits. Further, he appears to be able to articulate his claims adequately in light of the legal issues involved. The case does not present exceptional circumstances. The motion for appointment of counsel (Dkt. 1-2) should be denied.

1 **SERVICE OF THE COMPLAINT**. Under Fed. R. Civ. P. 4 (c)(3), where a party has been granted IFP status under § 1915, the court must order that service of the complaint be made "by a United States Marshal, deputy marshal or by a person specially appointed by the court." Plaintiff has submitted a summons form. Dkt. 1-4.

**(1) Service by Clerk**

The Clerk is directed to send the following to Defendant by U.S. mail at the address provided in the summons filled out by Plaintiff (Dkt. 1-4): copies of Plaintiff's Complaint, this Order, the notice of lawsuit, and request for waiver of service of summons, and a waiver of service of summons.

**(2) Response Required**

The Defendant shall have thirty (30) days within which to return the enclosed waiver of service of summons. A defendant who timely returns the signed waiver shall have sixty (60) days after the date designated on the notice of lawsuit to file and serve an answer to the Complaint or a motion permitted under Fed. R. Civ. P. 12.

A defendant who fails to timely return the signed waiver will be personally served with a summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within thirty (30) days after service.

**ORDER**

- Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Dkt. 1) **IS GRANTED**;
- Plaintiff's Application for Court Appointed Counsel (Dkt. 1-2) **IS DENIED**; and

- The Clerk is directed to send the following to Defendant by U.S. mail at the address provided in the summons filled out by Plaintiff (Dkt. 1-4):  copies of Plaintiff's Complaint, this Order, the notice of lawsuit and request for waiver of service of summons, and a waiver of service of summons.

The Clerk is further directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 6th day of September, 2017.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge