# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

GARY CASTERLOW-BEY,

        Plaintiff,

v.

EBAY, INC.,

        Defendant.

CASE NO. 3:17-cv-05687-RJB

ORDER ON MOTION TO DISMISS

This matter comes before the Court on Defendant eBay, Inc.'s ("eBay") Motion to Dismiss. Dkt. 7. The Court has considered the motion and the remainder of the record herein.

This case arises from the alleged sale of Plaintiff's books on Defendant eBay's website. Dkt. 4. Plaintiff is a *pro se* prisoner, proceeding IFP. Dkt. 3. Defendant "eBay operates a popular Internet Web site that allows private sellers to list goods they wish to sell, either through an auction or at a fixed price." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 390 (2006). Defendant eBay now moves for dismissal of the claims asserted against it pursuant to Fed. R. Civ. P. 12 (b). Dkts. 7. On December 6, 2017, the motion was provisionally granted, and Plaintiff was given an opportunity to amend his complaint in an effort to properly plead his

claims. Dkt. 16. Plaintiff filed an Amended Complaint. Dkt. 20. After review of the Amended Complaint, eBay's Motion to Dismiss (Dkt. 7) should be granted and the claims dismissed for the reasons provided below.

## I. FACTS AND PROCEDURAL HISTORY

This case is one of several Plaintiff has filed against the alleged publisher (Trafford Publishing Company) of his books and various alleged sellers of those books: Google.Com, Inc., Amazon.Com, Inc., eBay, Inc., and Barnes & Nobles [sic]. *Casterlow-Bey v. Trafford Publishing Company*, Western District of Washington case number 17-5459-RJB; *Casterlow-Bey v. Google.Com, Inc., et. al.,* U.S. District Court for the Western District of Washington case number 17-5686; *Casterlow-Bey v. Amazon.Com, et al.*, Western District of Washington case number 17-5833 RJB; *Casterlow-Bey v. Barnes and Nobles,* U.S. District Court for the Western District of Washington case number 17-5834 and *Casterlow-Bey v. Barnes and Nobles,* U.S. District Court for the Western District of Washington case number 17-5871.

The facts and procedural history regarding this case are in the December 6, 2017 order, and are repeated here, for ease of reference:

> On August 30, 2017, Plaintiff, a *pro se* prisoner, filed this case, moved to proceed *in forma pauperis* ("IFP"), and provided a proposed complaint asserting that Defendant eBay, Inc. committed copyright infringement, breached a contract, and committed fraud when Plaintiff's books were sold on its website. Dkts. 1, 1-1, and 4. He was granted IFP. Dkt. 3.
> According to the Complaint, Plaintiff and non-party Trafford Publishing Company ("Trafford") (Plaintiff has other lawsuits pending against Trafford) entered a contract in which Trafford would publish and distribute Plaintiff's books and would then pay Plaintiff the royalties from the sales. Dkt. 4. Although Plaintiff asserts that he is the copyright owner of the books, he does not allege that he registered any of them with the Copyright Office. *Id.*
> Plaintiff further maintains that "[a] fake/illegal/bogus contract was produced by Trafford Publishing Company with false name, address, and phone number signed by someone other than Plaintiff entering into agreement with eBay to sale Plaintiffs [sic] books universally for astronomical, ridiculous prices," which hurt the market for his books because his "target audience was poor, impoverished

children living in crime/gang infested areas . . . ." *Id.,* at 2-3. Plaintiff alleges that "[b]oth eBay and Trafford . . . have conspired to exploit and deprive Plaintiff of his royalty payments for copyrighted work." *Id.,* at 3. He maintains that "[b]oth companies have gained financially at [sic] expense of Plaintiff's hard labor and ultimate dream of being successfully recognized and honored in the literary world." *Id.* In addition to copyright infringement, breach of contract, and fraud claims, Plaintiff's Complaint also asserts that eBay violated his civil constitutional rights, committed "criminal conspiracy" and engaged in "international racketeering." *Id.* Plaintiff seeks injunctive relief and several million dollars in damages. *Id.*

Defendant eBay moved to dismiss on November 6, 2017. Dkt. 7. The Court issued a notice to Plaintiff, as a *pro se* litigant, regarding eBay's motion to dismiss under Fed. R. Civ. P. 12 (b), and Plaintiff's obligations if he intended to oppose the motion. Dkt. 14. Plaintiff did not respond to the motion to dismiss. Dkt. 16, at 2-3. The order noted that Plaintiff's claim for copyright infringement should be dismissed because Plaintiff failed to allege that any of his works were registered with the U.S. Copyright Office and so, there is no allegation supporting this Court's subject matter jurisdiction under Fed. R. Civ. P. 12 (b)(1). *Id.*, at 4. It further noted that Plaintiff's other claims: breach of contract, fraud, violation of Plaintiff's constitutional rights, criminal conspiracy, and racketeering should be dismissed for failure to state a claim under Rule 12 (b)(6). *Id.* Plaintiff was given until December 22, 2017 to amend his complaint in order to establish subject matter jurisdiction and to attempt to state a claim. *Id.*

After the order was entered, on December 7, 2017, Plaintiff filed a pleading with the Court, stating that "Plaintiff has never received a motion to dismiss from Plaintiff to respond to." Dkt. 18.

On December 12, 2017, Plaintiff filed a response to two motions to dismiss in *Casterlow-Bey v. Google.Com, Inc., et. al.,* U.S. District Court for the Western District of Washington case number 17-5686, Dkt. 23. On the fourth page of this pleading, Plaintiff wrote: "*Also, this is the response to eBay through its attorney . . . case number 3:17-cv-

05687-RJB." *Id.* The Clerk of the Court docketed this pleading in this case. Dkt. 19. In this pleading, Plaintiff argues that "[i]t is undisputed that Defendants have engaged in 'predicate acts' that constitute an 'illegal pattern of racketeering activity' dating back to 2006." Dkt. 19, at 1-2. He maintains that "Defendants cannot claim 'lawful sales' of Plaintiff's books because 'all sales' by Trafford Publishing and third party distributors stem from falsified, forged, and fraudulent contract/document that ultimately initiated national and international conspiracy to illegally traffic in stolen property for financial gain." *Id.*, at 3. Plaintiff argues that "Trafford Publishing, through Defendants, have deprived Plaintiff of his legal earnings, none of the named Defendants have legal authorization or justification under civil or criminal statutes to manufacture or distribute Plaintiff's copyrighted work." *Id.* He asserts that the "exhibits attached to this motion demonstrate Defendants' involvement in sales of Plaintiffs' copyrighted work not only in foreign countries but all over the United States." *Id.* Plaintiff also attaches documents entitled "Sales and Royalties Page" and "Trafford Publishing Quarterly Royalty Report," which purport to relate to sales in the United States. Dkt. 19, at 5-7. Plaintiff also again asserts that he "owns the copyrights to all (3) books published through Trafford, attached to this motion is a copy of original contract outlining details of copyright/registration ownership, *i.e*. 'Exhibit D' page 3, paragraphs 5.6 and 5.7." *Id.* Exhibit D is entitled "Trafford Publishing Self-Publishing Services Agreement." Dkt. 19, at 8-18. Page three, paragraphs 5.6 and 5.7 provide:

> **5.6 Copyright and Title Registration**. If purchased by You as part of Your Services, We shall include a copyright notice in accordance with Your instructions in each copy of the Work. We shall secure a unique International Standard Book Number (ISBN) for each version of the work where applicable. You may not use the formatted Manuscript (at any stage of development) or

finished Work, the ISBN, and/or cover with any other provider of similar Services at any time during or after the term of this agreement.

**5.7 Rights to Manuscript and the Work**. There are generally three sets of intellectual property rights that are included in any Work; (a) the first set of rights relates to the Manuscript or Your Work. You shall remain the sole and exclusive owner of all right, title, and interest in and to Manuscript and Your Work as initially submitted to Us. We shall have no right or license to use any Manuscript or Work except as permitted herein with respect to development of the resulting book in print, digital, or audio format; (b) the second set of intellectual property rights relates to content that We, Our employees, Our Affiliates or Our Contractors create as part of the Services that We offer ("Our Work Product"); and (c) the third set of intellectual property rights relates to the content that We own or that We license from third parties that We cannot transfer to You.

Dkt. 19, at 10.

On December 20, 2017, Plaintiff filed a pleading entitled, "Motion to Amend Complaint Pursuant to Courts [sic] Order of December 6, 2017." Dkt. 20. The pleading contains provisions regarding jurisdiction, facts, claims and requested relief. *Id.* Accordingly, the Court will construe this pleading as Plaintiff's Amended Complaint.

In the Amended Complaint, Plaintiff asserts that, "[t]his civil action originates from an unlawful, forged document/contract illegally crafted by Trafford Publishing" that "has a bogus signature . . . non-existent address, fabricated telephone number" and so, is "invalid." Dkt. 20, at 1. He maintains that "every business transaction initiated from this bogus, illegal, and invalid document/contract is fruit of the poisonous tree." *Id.* Plaintiff asserts that "[f]ruit of the poisonous tree doctrine mandates the suppression of all 'fruits' derived from a defective, deficient source. Here the subject matter being 'forged contract.'" *Id.* Plaintiff alleges that his copyrighted material was stolen with a forged contract. *Id.,* at 2. Plaintiff asserts that Defendant eBay "has perpetually promoted, encouraged, and facilitated trafficking in stolen property since 2006, gaining financially with no regard for compensation to Plaintiff or with Plaintiff's consent." *Id.* He alleges

that even after being informed (via this lawsuit) that it was "trafficking in stolen goods," Defendant eBay "continue[d] to traffic in stolen property, *i.e*. Plaintiff's copyrighted material. With full knowledge of conspiracy, Defendant's actions rise to the level of criminal." *Id.*, at 3. Plaintiff alleges that "all (9) nine elements of fraud have been consciously committed." *Id.* He asserts that:

> [A] forged contract does . . . exist, forged contract is material to this complaint, the signature, address and phone number on the face of contract is false, Defendant possesses knowledge of the falsity, Defendant cannot claim ignorance. Plaintiff relies on the truth reflected in contract to safeguard his financial interest . . . Defendant has actively engaged in fraud since August 30, 2017 [the date this case was filed] . . . [I]n spite of knowledge of allegations of copyright infringement, Defendant continues to engage in the deliberate, conscious trafficking of stolen property on its online market outlet.

*Id*., at 3-4. As to "racketeering," Plaintiff maintains that he "has documentation from [Trafford] of actual eBay sales of Plaintiff's copyrighted work across the United States and abroad." *Id.,* at 4. He maintains that "[t]his is an ongoing civil conspiracy, an actual business enterprise through a pattern of racketeering activity. Every illegal sale of stolen property is a 'predicate act' that has caused actual injury" in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"). *Id.* Plaintiff seeks five million dollars in damages. *Id.*, at 4-5.

## II. DISCUSSION

### A. MOTION TO DISMISS 12 (b)(1) STANDARD

A complaint must be dismissed under Fed. R. Civ. P.12 (b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any

jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant). When considering a motion to dismiss pursuant to Rule 12 (b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

**B. COPYRIGHT INFRINGMENT**

Under the Copyright Act, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). "A district court does not have subject matter jurisdiction over an infringement claim until the Copyright Office grants the registration application and issues a certificate of registration." *Corbis Corp., v. Amazon. com, Inc.*, 351 F.Supp.2d 1090, 1112, 77 U.S.P.Q.2d 1182 (W.D.Wash. 2004); *Safeair, Inc. v. Airtran Airways, Inc.*, 09-5053RJB, 2009 WL 801754, at *2 (W.D. Wash. Mar. 25, 2009).

It is unclear from Plaintiff's Amended Complaint whether he still intends to assert a copyright infringement claim against eBay. To the extent that he does, Plaintiff does allege that he has registered his three books with the U.S. Copyright Office. Dkt. 20, at 2. A review of the

records of the U.S. Copyright Office shows that only one book, *Wildflower*, is registered with the U.S. Copyright Office to Plaintiff Gary Casterlow-Bey; with the registration number: TXu001644896; date: 07-31-2009. Pursuant to Federal Rule of Evidence 201 (b)(2), a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The "court may take judicial notice on its own" . . . but if the "court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard." Federal Rule of Evidence 201 (c)(1) and (e). "Judicial notice is appropriate for records and reports of administrative bodies." *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008). To the extent that Plaintiff makes a claim for copyright infringement against eBay for any book other than *Wildflower,* the claim should be dismissed for lack of subject matter jurisdiction under Rule 12 (b)(1).

**C. MOTION TO DISMISS 12 (b)(6) STANDARD**

Fed. R. Civ. P. 12 (b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12 (b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (*internal citations omitted*). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

**D. COPYRIGHT INFRINGMENT**

Under the Copyright Act, copyright owners have the exclusive right to do or authorize the following:

> (1) to reproduce the copyrighted work in copies or phonorecords;
> (2) to prepare derivative works based upon copyrighted work;
> (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
> (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publically;
> (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
> (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106. "Plaintiffs must satisfy two requirements to present a prima facie case of direct infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Perfect 10, Inc. v. Amazon.com, Inc*., 508 F.3d 1146, 1159 (9th Cir. 2007). Under 17 U.S.C. § 109 (a), "[n]otwithstanding the provisions of section 106 (3), the owner of a particular copy or phonorecord lawfully made under this title . . . is entitled, without the authority of the copyright owner, to sell or otherwise dispose of the possession of that copy or phonorecord." Referred to as the "First Sale Doctrine" and codified at 17 U.S.C. § 109 (a), "when a copyright owner sells a lawfully made copy of its work, [he] loses the power to restrict the purchaser's freedom to sell or otherwise dispose of that copy." *Impression Products, Inc. v. Lexmark Int'l, Inc*., 137 S. Ct. 1523, 1535 (2017)(*internal quotations omitted*).

To the extent that Plaintiff asserts a claim for copyright infringement against eBay, the claim should be dismissed without prejudice for failure to state a claim on which relief can be granted. Aside from failing to establish that he is a copyright holder of any book other than *Wildflower*, Plaintiff has failed to allege sufficient facts that eBay violated at least one of the rights granted under § 106. He does not give any details – only unspecific allegations that his books were sold through the eBay website. Further, "[i]t is well settled that the Copyright Act does not apply extraterritorially." *Los Angeles News Serv. C. Reuters Television Int'l, Ltd.,* 149 F.3d 987, 990-91 (9th Cir. 1998). To the extent that Plaintiff's Amended Complaint asserts copyright violations outside the United States, his claim should also be dismissed with prejudice for failure to state a claim.

Moreover, to the extent that Plaintiff asserts a claim for copyright infringement against eBay for *Wildflower*, his claims as plead are barred by the first sale doctrine. Plaintiff's Amended Complaint does not assert that eBay sold *Wildflower* initially. He generally asserts that the contract with Trafford, which purports to sell an unidentified work to Trafford in order for Trafford to sell the work to others, was forged. Dkt. 20. Taking a conflicting position in his response, he attaches a contract between Plaintiff and Trafford regarding an unidentified "work," asserting that provisions of the contract validly demonstrate that he registered the books with the U.S. Copyright Office. Dkt. 19, at 8-18. (They do not). He also attaches pleadings he asserts are Trafford Publishing's royalty reports, allegedly demonstrating that Trafford paid Plaintiff royalties on books sold through the "Amazon.Com website" and "Print Lightning Source US" to people in the United States. Dkt. 19, at 6-7. The resale of *Wildflower* by an unidentified third party on or through the eBay website to another buyer does not give rise to a claim for direct copyright infringement against eBay due to the operation of the first sale doctrine.

To the extent Plaintiff asserts claims for secondary copyright infringement liability, eBay's motion to dismiss should be granted.

To succeed in imposing vicarious liability for copyright infringement, "a plaintiff must establish that the defendant exercises the requisite control over the direct infringer and that the defendant derives a direct financial benefit from the direct infringement." *Perfect 10, Inc. v. Amazon.com, Inc*., 508 F.3d 1146, 1173 (9th Cir. 2007). "The 'control' element of the vicarious liability test as the defendant's right and ability to supervise the direct infringer. *Id.* (*internal citations omitted*).

Plaintiff fails to allege claims supporting a claim for vicarious liability because he does not allege eBay had the right to control the alleged infringing activity or derived a direct financial benefit from the direct infringement. Moreover, the Court may take judicial notice of information posted on eBay's website and judicial proceedings from other courts summarizing eBay's website and service. *See United States v. Yepiz*, 844 F.3d 1070, 1076 (9th Cir. 2016). In *Hendrickson v. eBay, Inc*., 165 F. Supp. 2d 1082, 1094 (C.D. Cal. 2001), a district court noted that "[u]nlike a traditional auction house, eBay is not actively involved in the listing, bidding, sale and delivery of any item offered for sale on its website. . . . it does not have any control over the allegedly infringing items . . . it never has possession of, or opportunity to inspect, such items because such items are only in the possession of the seller." Additionally, Plaintiff fails to allege facts sufficient to show that eBay derived a direct financial benefit from the direct infringement.

Plaintiff has failed to assert facts supporting a claim for contributory liability for copyright infringement because he failed to allege infringement by a third party (based on the first sale doctrine), or that eBay intentionally encouraged or induced infringement through "specific acts."

*Perfect 10, Inc. v. Amazon.com, Inc*., 508 F.3d 1146, 1170 (9th Cir. 2007). This claim should be dismissed without prejudice.

eBay also asserts that it is protected by the safe harbor provisions of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512. Section 512 of the DMCA, "protects qualifying Internet service providers from liability for all monetary relief for direct, vicarious and contributory infringement." *Hendrickson,* at 1088. The Court need not reach this issue because Plaintiff's copyright claim should be dismissed as stated above.

### E. BREACH OF CONTRACT

Under Washington law, in order to state a claim for breach of contract, a plaintiff must allege: (1) the existence of a valid contract that imposes a duty, (2) the duty was breached, and (3) the plaintiff was damaged as a result. *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus*., 78 Wn. App. 707, 712 (1995).

To the extent he makes one, Plaintiff's claim for breach of contract should be dismissed with prejudice. He asserts that there is not a valid contract between Plaintiff and eBay. He fails to plead a contractual duty which he asserts that eBay breached. Further, he fails to assert that he was damaged as a result of eBay breaching a contract. He has failed to plead a breach of contract claim against eBay and the claim should be dismissed for failure to state a claim.

### F. FRAUD

Under Washington law, there are nine essential elements of fraud:

> (1) a representation of existing fact, (2) its materiality, (3) its falsity, (4) the speaker's knowledge of its falsity, (5) the speaker's intent that it be acted upon by the person to whom it is made, (6) ignorance of its falsity on the part of the person to whom the representation is addressed, (7) the latter's reliance on the truth of the representation, (8) the right to rely upon it, and (9) consequent damage.

*Elcon Const., Inc. v. E. Washington Univ.*, 174 Wn.2d 157, 166 (2012). Fed. R. Civ. P. 9 (b), Pleading Special Matters, provides, in part, "Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

Plaintiff's claim for fraud should be dismissed without prejudice for failure to state a claim and for failure to plead fraud with particularity. Plaintiff fails to plead any facts which would support his claim of fraud against eBay and certainly does not do so with particularity. Plaintiff's bare assertion that eBay committed "fraud," is insufficient; he doesn't plead any of the nine elements of the claim based on eBay's actions. eBay's motion to dismiss this claim should be granted.

### G. VIOLATION OF CIVIL CONSTITUTIONAL RIGHTS

Under 42 U.S.C. § 1983, in pertinent part:

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State...subjects, or causes to be subjected, any citizen...to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Plaintiff's claims for violation of his civil constitutional rights against eBay should be dismissed with prejudice. He appears to have abandoned this claim. In any event, Plaintiff fails to allege facts showing that "the conduct complained of was committed by a person acting under the color of law" or that the "conduct deprived [Plaintiff] of a right, privilege or immunity secured by the Constitution or the laws of the United States." *Parratt,* at 535. Plaintiff does not allege eBay was a state actor. He does not address this claim in either his Amended Complaint or in the response. His claim should be dismissed with prejudice for failure to state a claim.

**H. CRIMINAL CONSPIRACY**

To the extent Plaintiff attempts to assert claims against eBay for "criminal conspiracy," the claim should be dismissed with prejudice. There is no private right of action for criminal conduct.

**I. RACKETEERING**

To the extent that Plaintiff intends the "racketeering" claim to be a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"), the claim should be dismissed. To state a claim for a civil RICO claim, a plaintiff allege that the defendant engaged in: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002)(*citing* 18 U.S.C. §§ 1962(c), 1964(c)).

Plaintiff's RICO claim should be dismissed without prejudice for failure to state a claim. Plaintiff fails to identify any RICO predicate acts, but just incorporates his prior allegations. Such "shotgun" pleading is insufficient to plead a RICO claim. *See Graf v. Peoples*, 2008 WL

4189657, at *6 (C.D. Cal. Sept. 4, 2008). eBay's motion should be granted and the RICO claim dismissed.

**J.  PREEMPTION**

Defendant eBay also asserts that Plaintiff's state law claims against it are preempted by 47 U.S.C. § 230 (c)(1). Dkt. 7. The Communications Decency Act ("CDA") provides that "'[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider,' and expressly preempts any state law to the contrary." *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1118 (9th Cir. 2007)(*quoting, in part, and citing,* 47 U.S.C. § 230 (c)(1) and (e)(1)).

By this order, all state law claims should be dismissed, and so the Court need not reach the question at this time.

**K.  LEAVE TO AMEND**

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

It is absolutely clear that Plaintiff cannot plead a claim for copyright infringement for any book but *Wildflower.* Review of the U.S. Copyright Office records demonstrate that the only book registered to Plaintiff is *Wildflower.* It is absolutely clear that Plaintiff cannot plead a claim for copyright infringement based on any other book. Plaintiff acknowledges that he does not have a contract with eBay, and so it is absolutely clear he cannot plead a claim for breach of contract against eBay. Further, it is absolutely clear that eBay is not a state actor and so he cannot plead a claim for violation of his civil constitutional rights in the circumstances here. It is absolutely clear that Plaintiff cannot plead a claim for "criminal conspiracy" upon which he

could gain relief.  Accordingly, Plaintiff should not be granted an opportunity to amend his Amended complaint to re-plead these claims.  These claims should be dismissed with prejudice.

It is not absolutely clear that no amendment could cure the defects in Plaintiff's Complaint as to his copyright claim regarding *Wildflower,* his fraud, or his RICO claims.  Although his success seems unlikely, Plaintiff should be afforded an opportunity to amend his complaint in order to attempt to state a claim.  Such amendment, if any, should be filed on or before January 12, 2018.  Plaintiff's failure to do so may result in dismissal of the case.

**L.  CONCLUSION**

Defendant eBay's motion should be granted and all Plaintiff's claims should be dismissed (some with and some without prejudice).  Plaintiff should be given until January 12, 2018 to file a second amended complaint regarding his copyright infringement claim regarding *Wildflower,* and his fraud and RICO claims, if he chooses to do so.  Plaintiff's failure to do so will result in dismissal of the case.  Plaintiff should not add other claims or parties.  Plaintiff should also be aware that this will be his third attempt at pleading claims in this case, and no further opportunities are likely.  eBay's response to Plaintiff's second amended complaint, if any, should be filed in accord with the rules.

### III.  ORDER

It is **ORDERED** that:

- Defendant eBay, Inc.'s Motion to Dismiss (Dkt. 7) **IS GRANTED;**
- The following claims **ARE DIMISSED WITH PREJUDICE**:
    - Claims for copyright infringement based on any book other than *Wildflower;* breach of contract, violation of civil constitutional rights, and "criminal conspiracy;"

- The following claims **ARE DISMISSED WITHOUT PREJDUICE**
    - Claims for copyright infringement based on *Wildflower,* fraud and RICO claims;
- Plaintiff's second amended complaint, if any, is due by **January 12, 2018**; a failure to file will result in dismissal of the case.

The Clerk is directed to send copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 29th day of December, 2017.

_____
ROBERT J. BRYAN
United States District Judge